Filed 2/21/25  P. v. Gilmartinez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANGEL ROGER GILMARTINEZ,<br><br>    Defendant and Appellant. | F087826<br><br>(Super. Ct. No. PCF412169)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Robert Anthony Fultz, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Smith, Acting P. J., Meehan, J. and Snauffer, J.

Defendant Angel Roger Gilmartinez contends on appeal that his sentence must be vacated and the matter remanded for resentencing in conformity with the plea agreement because the trial court's oral pronouncement of a sentence for a Penal Code section 12022.1 offense was incorrect and in violation of the plea agreement. We vacate defendant's sentence and remand for resentencing in conformity with the plea agreement. In all other respects, the judgment is affirmed.

## PROCEDURAL SUMMARY

On September 7, 2023, following an order consolidating case Nos. PCF412169, PCF424734, and PCF425310 together under case No. PCF412169, the Tulare County District Attorney filed a first amended information charging defendant with domestic violence upon E.R. within seven years of a prior domestic violence conviction[1] (Pen. Code, § 273.5, subd. (f); count 1)[2]; two counts of child abuse under circumstances likely to cause great bodily injury (§ 273a, subd. (a); counts 2 & 3); driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a); count 4); four counts of making criminal threats (§ 422, subd. (a); counts 5, 6, 14, & 15); attempted first degree residential burglary (§§ 664/459; count 7); contempt of court (§ 166, subd. (c)(1); count 8); false imprisonment of a hostage (§ 210.5; count 9); false imprisonment by violence (§ 236; count 10); willfully inflicting corporal injury resulting in a traumatic condition upon E.R. (§ 273.5, subd. (a); count 11); assault with a firearm (§ 245, subd. (a)(2); count 12); dissuading a witness (§ 136.1, subd. (b)(1); count 13); possession of a firearm by a felon (§ 29800, subd. (a)(1); count 16); unlawful possession of ammunition (§ 30305, subd. (a)(1); count 17); misdemeanor domestic violence (§ 243, subd. (e)(1); count 18); and four counts of misdemeanor child abuse (§ 273a, subd. (b); counts 19–22). As to

---

[1]     Defendant's prior domestic violence conviction was in Tulare County case No. PCF338791 on November 16, 2016, for a violation of section 273.5, subdivision (a) and section 12022.7, subdivision (e).

[2]     Further statutory references are to the Penal Code unless otherwise noted.

counts 1 through 7 and 9 through 17, the information further alleged defendant had two prior strikes (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)). As to counts 10 and 12 through 15, the information further alleged defendant personally used a firearm (§ 12022.5, subd. (a)). As to counts 10 through 17, the information further alleged defendant was released from custody on bail (§ 12022.1, subd. (e)). The information also alleged numerous aggravating factors.

Pursuant to a negotiated plea agreement, defendant pled no contest to counts 1, 2, and 3 (which were reduced to misdemeanors), 4, 5, 10, 11 (amended to § 273, subd. (f)), and 14. Defendant admitted one strike prior that also qualified as a prior domestic violence conviction. As to count 10, he further admitted the section 12022.5, subdivision (a) enhancement (personal use of a firearm) and the court noted the section 12022.1 enhancement allegation would be dismissed at the time of sentencing. Defendant also admitted two aggravating circumstances. The parties stipulated to an aggregate prison term of 19 years four months, and the people agreed to dismiss all remaining counts and allegations and one of the strike allegations at sentencing.

At sentencing, the trial court sentenced defendant to the stipulated total prison term of 19 years four months, as follows: on count 10, four years (the midterm, doubled pursuant to the prior strike), plus two years for the section 12022.1 enhancement, plus four years for the section 12022.5 enhancement; on count 1, two years eight months (one-third the midterm, doubled pursuant to the prior strike); on count 4, 16 months (one-third the midterm, doubled pursuant to the prior strike); on count 5, 16 months (one-third the midterm, doubled pursuant to the prior strike); on count 11, two years eight months (one-third the midterm, doubled pursuant to the prior strike); and on count 14, 16 months (one-third the midterm, doubled pursuant to the prior strike). All remaining counts and allegations were dismissed.

On March 28, 2024, defendant timely filed a notice of appeal.

## DISCUSSION[3]

Defendant contends the sentence must be vacated and the matter remanded for resentencing in conformity with the plea agreement because the trial court imposed a sentence for a violation of section 12022.1, of which defendant was not convicted, and which was in violation of the plea agreement. The People agree, as do we.

### A. Background

At the change of plea hearing, the parties informed the trial court that they had agreed to a total sentence of 19 years four months. Count 10 would serve as the base term for the sentence, and the parties agreed to imposition of the upper term of three years, doubled to six for one strike prior, plus the midterm of four years for the section 12022.5 firearm enhancement, for a total of 10 years. The People agreed to dismiss the second strike prior. The People also agreed to dismiss the "out-on-bail" enhancement (§ 12022.1) attached to count 10. The remainder of the sentence was to be calculated as follows: on count 1, two years eight months (one-third the midterm, doubled pursuant the prior strike); on count 4, 16 months (one-third the midterm, doubled pursuant to the prior strike); on count 5, 16 months (one-third the midterm, doubled pursuant to the prior strike); on count 11, two years eight months (one-third the midterm, doubled pursuant to the prior strike); and on count 14, 16 months (one-third the midterm, doubled pursuant to the prior strike).

Pursuant to the plea agreement, defendant entered a no contest plea to counts 1, 4, 5, 10, 11 and 14. He admitted one strike prior that also qualified as a prior domestic violence conviction. As to count 10, he admitted the section 12022.5 firearm use enhancement, and the trial court noted the section 12022.1 enhancement would be dismissed at the time of sentencing. Defendant also admitted two aggravating

---

**3**      We omit the underlying facts, as they are irrelevant to defendant's appeal.

circumstances.  The remaining counts and allegations would also be dismissed at the time of sentencing.

At the March 4, 2024 sentencing hearing, the trial court noted the agreed upon sentence was 19 years four months.  The court then stated it sentenced defendant to a total term of 19 years four months, as follows:  on count 10, four years (the midterm, doubled pursuant to the prior strike), plus two years for the section 12022.1 enhancement, plus four years for the section 12022.5 enhancement; on count 1, two years eight months (one-third the midterm, doubled pursuant to the prior strike); on count 4, 16 months (one-third the midterm, doubled pursuant to the prior strike); on count 5, 16 months (one-third the midterm, doubled pursuant to the prior strike); on count 11, two years eight months (one-third the midterm, doubled pursuant to the prior strike); and on count 14, 16 months (one-third the midterm, doubled pursuant to the prior strike).  The remaining counts and allegations were dismissed by the People.

### B.    Law

"[A] negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles." (*People v. Vargas* (2007) 148 Cal.App.4th 644, 647.)  The fundamental goal of contractual interpretation is "to give effect to the mutual intention of the parties as it existed at the time of contracting." (Civ. Code, § 1636.) "The language of a contract is to govern its interpretation, if the language is clear and explicit …." (Civ. Code, § 1638.)  Accordingly, a judgment contrary to the terms of the plea bargain may not be imposed absent an opportunity to withdraw the plea, and when a defendant otherwise succeeds in attacking it, counts dismissed pursuant to a plea bargain may be restored. (*People v. Collins* (1978) 21 Cal.3d 208, 214–216; *People v. Stamps* (2020) 9 Cal.5th 685, 705–709.)

The pronouncement of a judgment is a judicial function, while entries into the minutes and abstract of judgment are clerical functions. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.)  Although an appellate court has the power to correct clerical errors, it

cannot correct judicial errors.  (*In re Candelario* (1970) 3 Cal.3d 702, 705; see *People v. Codinha* (2023) 92 Cal.App.5th 976, 985.)  "The distinction between clerical error and judicial error is whether the error was made in rendering the judgment, or in recording the judgment rendered."  (*Candelario*, at p. 705, internal quotation marks omitted; see *Codinha*, at p. 985.)

### C.    Analysis

Here, the matter must be remanded for resentencing in conformity with the plea agreement because the trial court's oral pronouncement of a sentence for section 12022.1 was incorrect, as defendant never admitted the section 12022.1 enhancement.

The parties agreed to a total sentence of 19 years four months, including a 10-year base term on count 10, calculated as follows:  six years (the upper term, doubled pursuant to the prior strike), plus four years (the midterm) for the section 12022.5 enhancement. Defendant pled no contest to count 10 and admitted the section 12022.5 enhancement. Defendant did not admit the section 12022.1 enhancement, and the trial court noted the section 12022.1 allegation would be dismissed at the time of sentencing.

However, the probation report shows the probation officer appears to have erroneously believed defendant admitted the section 12022.1 enhancement, and thus calculated defendant's sentence on count 10 using the midterm, rather than the agreed-upon upper term, and added two years for the section 12022.1 enhancement.  The trial court indicated that it was following the recommendation of probation, with other unrelated corrections, and imposed a sentence on count 10 that included two years for the section 12022.1 enhancement that defendant never admitted.

In *People v. Serrano* (2024) 100 Cal.App.5th 1324, the trial court incorrectly pronounced at sentencing that a firearm enhancement attached to a determinate term when the enhancement should have attached to the indeterminate term.  (*Id*. at p. 1340.) The *Serrano* court remanded for a correct oral pronouncement, "to permit the trial court

to clarify for the record that the 20-year term for the firearm enhancement is attached to [the] defendant's indeterminate term." (*Ibid*.)

Here, as in *Serrano*, the trial court's imposition of sentence on the section 12022.1 enhancement was also judicial error, as its sentence on an enhancement that defendant did not admit violated the plea agreement. (See *In re Candelario*, *supra*, 3 Cal.3d at p. 705 [an appellate court cannot correct judicial errors]; *People v. Codinha*, *supra*, 92 Cal.App.5th at pp. 985–986 ["The error in imposing a concurrent term on count 3 rather than the legally required consecutive term … was a judicial error, not a clerical error."].) Accordingly, because the court's imposition of sentence on an enhancement that defendant did not admit violated the plea agreement, we conclude the matter must be remanded for a new sentencing hearing in conformity with the plea agreement.

## DISPOSITION

We vacate the sentence and remand the matter for a new sentencing hearing to allow the trial court to sentence defendant in conformity with the plea agreement.